IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN HARVEY WILLRIDGE | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv656 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION

Petitioner John Harvey Willridge, an inmate incarcerated in the Robertson Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Factual Background and Prior Proceedings

In 1993, pursuant to a plea of *nolo contendre* entered in the 252nd District Court of Jefferson County, Texas, petitioner was convicted of delivery of a controlled substance. *State of Texas v. John Harvey Willridge*, cause no. 59158. He was sentenced to 10 years imprisonment.

On July 17, 2006, petitioner was released on mandatory supervision. On February 13, 2008, his release on mandatory supervision was revoked and he was reincarcerated. Petitioner complains that when he was reincarcerated, he did not get credit

1

towards his sentence for the time he spent released on mandatory supervision.

## Analysis

Section 508.283 of the Texas Government Code grants certain inmates who have their release on parole or mandatory supervision revoked credit for the portion of time they spent released. Section 508.283 provides, in part, as follows:

> (b) If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.
>
> (c) If the parole, mandatory supervision or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion or which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

Verified documents submitted by the respondent, and not contested by petitioner, demonstrate that when petitioner was

2

released on mandatory supervision in July, 2006, he had 1,253 days remaining to serve on his sentence. As of November 14, 2007, the date petitioner was arrested pursuant to a warrant issued based on his having allegedly violated the terms of his release on mandatory supervision, petitioner had been released for 485 days, making the remaining portion of his sentence 768 days. As the remaining portion of his sentence was greater than the period of time he spent released, Section 508.123 did not entitle petitioner to credit towards his sentence for the time he spent released. In addition, in the absence of Section 508.283, a prisoner has no state or federal constitutional right to credit towards his sentence for time spent released. *See Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001); *Morrison v. Johnson*, 106 F.3d 127, 129 (5th Cir. 1997). As a result, petitioner is not entitled to credit towards his sentence for time spent released on mandatory supervision.[1]

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus is without merit and will be denied. A final

---

[1] Petitioner also contends certain personal property was improperly seized. However, as such action would have no effect on the fact or duration of petitioner's confinement, it is not cognizable in a petition for writ of habeas corpus.

judgment shall be entered in connection with this memorandum opinion.

**SIGNED** this the **23** day of **June, 2009.**

_____
Thad Heartfield
United States District Judge